1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  JUAN CARLOS TOLEDO-CELEDON,          1:07-cv-01402 LJO DLB HC

10                 Petitioner,          FINDINGS AND RECOMMENDATION
                                        REGARDING PETITION FOR WRIT OF
11        v.                            HABEAS CORPUS

12                                      [Doc. 1]
     CHARLES DeROSA,
13
                   Respondent.
14  _____/

15
16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.

18        On September 24, 2007, Petitioner filed the instant petition for writ of habeas corpus

19  challenging his federal conviction for illegal re-entry into the United States.  18 U.S.C. § 1326(a).

20  Petitioner is in custody at the California City Correctional Institution, in California City.

                                    **DISCUSSION**
21
22        A federal prisoner who wishes to challenge the validity or constitutionality of his

23  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

24  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

25  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

26  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing

27  court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

28  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, although Petitioner attempts to categorizes his claim as attacking his sentence, Petitioner is clearly challenging his conviction.  Specifically, Petitioner contends that his trial counsel was ineffective for failing to argue that he should receive a two point reduction in his sentence if he accepted a final deportation order, and that the district court erred in finding that his 1998 prior conviction for trespassing was an aggravated felony warranting a sentencing enhancement. (Petition, at 3.)  Therefore, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence, and the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.    Petitioner admits that he has filed a § 2255 motion but contends that he is challenging the execution of his sentence, and not the legality.  However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal

2

1 | treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th

2 | Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956).  In <u>Ivy</u>, the Ninth Circuit held that

3 | § 2241 relief is available pursuant to the "escape hatch" in § 2255 if the petitioner claims to be:

4 | (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an

5 | "unobstructed procedural shot" at presenting this claim." <u>Ivy</u>, 328 F.3d at 1059-60, *citing*,

6 | <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is

7 | on the petitioner to show that the remedy is inadequate or ineffective.  <u>Redfield v. United States</u>,

8 | 315 F.2d 76, 83 (9th Cir. 1963).  Petitioner has not shown that § 2255 provides an "inadequate or

9 | ineffective" remedy. The petition should be dismissed.

10 | **RECOMMENDATION**

11 | Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

12 | DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief

13 | under 28 U.S.C. § 2241.

14 | These Findings and Recommendations are submitted to the Honorable Lawrence J.

15 | O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C.

16 | § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

17 | Court, Eastern District of California.  Within twenty (20) days after being served with a copy,

18 | any party may file written objections with the court and serve a copy on all parties.  Such a

19 | document should be captioned "Objections to Magistrate Judge's Findings and

20 | Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days

21 | (plus three days if served by mail) after service of the objections.  The Court will then review the

22 | Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

23 | failure to file objections within the specified time may waive the right to appeal the District

24 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25 | IT IS SO ORDERED.

26 | **Dated:   October 31, 2007**                    _____ **/s/ Dennis L. Beck** _____
   UNITED STATES MAGISTRATE JUDGE

27

28